# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CYNTHIA PUCKETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-cv-02174-TLP-dkv ) ) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint because her claims are time-barred by the plan limitations period. (ECF No. 9 and No. 9-2 at PageID 121–22.) On review, the Court agrees. Plaintiff's Complaint is thus dismissed.

## **BACKGROUND**

Plaintiff's Complaint is bare on the facts and circumstances leading up to her claim. But taking the Complaint as true—as a court generally does at this point in the litigation—the relevant facts are thus.

At some point, Plaintiff worked for AutoZone Parts, Inc. ("AutoZone"). (ECF No. 1 at PageID 2.) During her employment, AutoZone covered Plaintiff under its long-term disability policy (the "Plan"), which Defendant managed. (*Id.*)

According to Plaintiff, on October 21, 2013, she applied for long-term disability benefits under the Plan. (*Id.*) Defendant at first approved Plaintiff for long-term disability benefits from

January 19, 2014 through January 18, 2015. (*Id*.) Later Defendant informed Plaintiff that those benefits would stop. (*Id*.) This information about the termination of her benefits came in a letter dated September 10, 2014. (ECF No. 20, Page ID 161.) That same denial letter notified Plaintiff that she had 180 days in which to appeal Defendant's determination. (*Id.*) Although she claims to have requested her file and a history of payments, she does not assert any specifics about an actual appeal of the benefits determination. (*Id.*) Instead, her counsel sent a letter to Prudential in early 2018 (as soon as Plaintiff hired him) which served as her appeal. (*Id.* at PageID 162.) That appeal was too late.

She then filed this action on March 14, 2018. (*Id*. at PageID 1.)

## **STANDARD OF REVIEW**

The Court starts its analysis of a motion to dismiss with the Federal Rules of Civil Procedure. According to Rule 8, a complaint must contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In practice, Rule 8 requires that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017).

A court will grant a motion to dismiss if a plaintiff has no plausible claim for relief. But a court must review the complaint in a light most favorable to the plaintiff. *See Herhold v. Green Tree Serv., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015). "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id*. (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

"As a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under [Rule] 56." *In re Fair Fin. Co.*, 834 F.3d 651, 656 n. 1 (6th Cir. 2016) (quotations omitted). But "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Id.* (quotations omitted). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") (quotations omitted); *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441–42 (6th Cir. 2012).

Defendant attached a copy of the Plan to its Motion to Dismiss. (ECF No. 9-1.) Plaintiff's Complaint references this Plan which is central to her claim. (ECF No. 1 at PageID 2–3.) After all, it is under the Plan that Plaintiff claims an improper denial of long-term disability benefits. (*Id.*) The Court thus considers the Plan given Defendant's Motion to Dismiss. *See Weiner*, 108 F.3d at 89; *Carrier Corp.*, 673 F.3d at 441–42.

## **DISCUSSION**

The central issue in this action concerns timing: whether Plaintiff's claim is barred under the Plan's limitations period. A court will generally enforce a plan's limitations period assuming that period is reasonable. *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105–06 (2013) ("Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action

3

accrues, as long as the period is reasonable.") Here, the Plan contains a three-year limitations period—the same as in *Heimeshoff*—and the Court thus finds the limitations period reasonable. *See id.*; (ECF No. 9-1 at PageID 106.)

According to the Plan, a claimant may file an action "up to 3 years from the time proof of claim is required." (ECF No. 9-1 at PageID 106.) The Plan also provides that "[y]ou must give [Defendant] proof of your claim no later than 90 days after your elimination period ends." (*Id.* at PageID 104.) And the "elimination period," under the Plan, is the "period of continuous disability which must be satisfied <u>before</u> [one is] eligible to receive benefits . . . ." (ECF No. 9-1 at PageID 109.) The elimination period lasts 90 days. (*Id.* at PageID 34.) The Plan states that a claimant would receive benefits "when [Prudential] approve(s) your claim, providing the elimination period has been met." (*Id.*) The "proof of claim" should include "appropriate documentation of [claimant's] monthly earnings," evidence that she is "under the **regular care** of a **doctor**," and "appropriate documentation of the disabling disorder" among other things. (*Id.* at PageID 104.) In sum, the claimant, must submit her proof of claim no later than 180 days from when she alleges she was first disabled. She would then have three (3) years from that date to sue.

Here Plaintiff asserts that she first applied for long term benefits on October 23, 2013. (ECF No. 1 at PageID 2.) Thus, at the latest, Plaintiff's proof of claim was required within 180 days or on or before April 23, 2014. Plaintiff had until April 23, 2017 to sue. She waited almost another year, until March 14, 2018. Her claim is therefore time barred.

Defendant is more permissive than the Court. It argues that Plaintiff's three-year window began once it "issued [her] a final termination of benefits on September 10, 2014." (ECF No. 9-2 at PageID 125.) Plaintiff's three-year window certainly began, at the latest, when Defendant

terminated her benefits. *See, e.g.*, *Morrison v. Marsh & McLennan Co., Inc.*, 439 F.3d 295, 301–02 (6th Cir. 2006) (holding that the plaintiff's "date of accrual for statute of limitations purposes was . . . the date [the defendant] issued its rejection letter."). Thus, accepting Defendant's interpretation, the latest date on which Plaintiff could file her claim would be September 10, 2017. (*Id*. at PageID 106, 125.)

Plaintiff waited to sue until March 14, 2018, well over three years after her proof-of-claim requirement triggered. (*Id*.) Her claim is thus barred under the Plan and the Court dismisses her action as such.[1]

## **CONCLUSION**

The Court GRANTS Defendant's Motion to Dismiss. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

**SO ORDERED**, this 6th day of August, 2018.

s/ Thomas L. Parker<br>
THOMAS L. PARKER<br>
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's claim may also be dismissed because she failed to exhaust properly the Plan's internal review before filing her action. "A participant's cause of action under ERISA accordingly does not accrue until the plan issues a final denial." *Heimeshoff*, 571 U.S. at 105. A "final denial," under the Plan, occurs after a claimant appeals her initial benefits denial. (ECF No. 9-1 at PageID 65.) In her Complaint, Plaintiff states that she "timely appealed" her benefits denial. (ECF No. 1 at PageID 2.) But she provides no evidence whatsoever to bolster her claim that she did, in fact, appeal her decision. For example, she merely states that she "timely appealed," leaving out the date that she did allegedly appeal. Because of this, Plaintiff does not provide the Court with "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 566 U.S. at 678 (citations omitted). Though the Court bases its dismissal on the statute-of-limitations issue, it also finds an alternative ground to dismiss Plaintiff's claim for failing to state a claim upon which relief could be granted.